IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:12-cr-00223

MICHAEL RAY FORTUNA,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline (the "Motion"). (ECF No. 57.) On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1. The guideline reduction was given retroactive effect. Pursuant to the order entered on February 5, 2016, this case was designated for Standard consideration.

The Court has received the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. By its written and filed response, the United States does not object to the reduction ordered herein.[1]

---

[1] In this case, the revised adjusted offense level is 30. This adjusted offense level and a criminal history category of III results in a revised pre-reduction imprisonment range of 121 to 151 months. The Court must next determine the extent of the appropriate reduction below this range to reflect a particular additional reduction provided at sentencing.

Based on the foregoing considerations, the Court **GRANTS** the Motion. (ECF No. 57.) The Court therefore **ORDERS** that Defendant's previous sentence be reduced to a period of **91 months**, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

Further, pending before the Court is Defendant's motion to seal memorandum (the "Motion to Seal"). (ECF No. 61.) For good cause shown, the Court **GRANTS** the Motion to Seal. (*Id.*) Accordingly, the Court **DIRECTS** the Clerk to file **UNDER SEAL** the memorandum attached to the Motion to Seal. (ECF No. 61, Ex. 1.)

**IT IS SO ORDERED**.

---

The probation officer recommends a revised post-reduction Guideline range of 97 to 121 months, to which the United States does not object. (*See* ECF No. 60.) The Court disagrees and finds that a further reduction is appropriate.

The Guidelines provide that "a reduction comparably less than the amended guideline range . . . may be appropriate" if the defendant receives a particular reduction at sentencing. U.S.S.G. § 1B1.10(b)(2)(B). To determine what constitutes a reduction that is "comparably less than the amended guideline range," the Court "may use a lower offense category, a percentage, . . . a flat number of months, . . . . or any other reasonable method that results in a comparable reduction." *United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010); *see also United States v. Woodson*, 433 F. App'x 191, 193 (4th Cir. 2011) ("The determination of a 'comparably lower' sentence may be determined by using a lower offense category, a percentage, a flat number of months to calculate the reduction, or any other reasonable method." (citation omitted)).

Under the percentage-reduction approach, the same percentage reduction as the Court applied at sentencing (19.87%) from the bottom of the new Guideline range (121 months) yields a new revised sentence of 96 months. Under the level-reduction approach, the revised adjusted offense level is 30, the total offense level is 28 following the two-level reduction, and—with a criminal history category of III—this total offense level yields a revised imprisonment range of 97 to 121. As the Court sentenced Defendant at the bottom of his original range, his revised post-reduction sentence under the level-reduction approach would then be 97 months. Finally, under the flat-reduction method, the Court reduced the original pre-reduction bottom of the Guidelines range (151 months) by 30 months, which yielded the original sentence of 121 months. The same flat-reduction of 30 months applied to Defendant's revised pre-reduction bottom of the Guidelines range (121 months) yields a revised post-reduction sentence of 91 months.

As "any of these approaches is permissible in resentencing [a defendant] to a comparably lower sentence under the amended Guidelines imprisonment range, the Court finds that it is proper to apply the rule of lenity and follow the approach that yields the lowest revised sentence of imprisonment." *United States v. White*, Criminal Action No. 6:12-cr-00174-02, 2015 WL 9413141, at *3 (S.D. W. Va. Dec. 22, 2015) (citations omitted). The Court therefore shall follow the flat-reduction approach and reduce Defendant's sentence to 91 months.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 4, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE